**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

ROYAL CARIBBEAN CRUISES LTD., a
foreign corporation.

      Plaintiff,

v.

ASPEN MEDICAL USA, INC., a Texas
corporation.

      Defendant.

Case No.:

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Royal Caribbean Cruises Ltd. ("RCCL" or "Plaintiff") sues Defendant Aspen

Medical USA, Inc. ("Aspen"), and alleges as follows:

**INTRODUCTION**

1.      Plaintiff RCCL is a global cruise line operator with its principal place of business

in Miami, Florida.

2.      In order to provide temporary medical staffing ("Locums") onboard certain of its

vessels, on August 16, 2021 RCCL entered into an agreement for locums tenens coverage with

Aspen (the "Locums Agreement").

3.      Under the Locums Agreement, upon execution of a work order by RCCL, Aspen

would temporarily assign Locums to a specific RCCL vessel for a period of time.

4.      On or about February 23, 2022 RCCL terminated the Locums Agreement.

5.      Following termination by RCCL of the Locums Agreement, Aspen demanded

$769,810.80 from RCCL, based on RCCL allegedly offering employment and soliciting of certain

Locums in violation of the Locums Agreement.

1

6.      As a result of Aspen's demand, RCCL files this action to obtain a declaratory judgment that:

a.  RCCL's actions did not trigger the conversion penalty set out in Section 4(a) of the Locums Agreement;

b.  to the extent RCCL's actions triggered the conversion penalty set out in Section 4(a) of the Locums Agreement, such conversion penalty is an improper liquidated damages penalty;

c.  RCCL's actions did not trigger the solicitation penalty set out in Section 4(b) of the Locums Agreement;

d.  to the extent RCCL's actions triggered the solicitation penalty set out in Section 4(b) of the Locums Agreement, such solicitation penalty is an improper liquidated damages penalty.

## JURISDICTION, VENUE, AND THE PARTIES

7.      RCCL is a corporation organized and existing under the laws of Liberia with its principal place of business at 1050 Caribbean Way, Miami, Florida 33132.

8.      Aspen is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9.      This Court has subject matter jurisdiction over the claims for relief in this complaint pursuant to 28 U.S.C. § 1332(a)(1) because this is an action where the matter in controversy exceeds $75,000.00, exclusive of interests and costs, and is between citizens of different states.

10.     This Court has personal jurisdiction over Aspen pursuant to Section 48.193(1)(a), Florida Statutes, because Aspen, among other things, entered into a contract by which it consented to the jurisdiction of this state and in this District.

11.     Based on the foregoing, the exercise of personal jurisdiction over Aspen satisfies traditional notions of fair play and substantial justice under the Fourteenth Amendment of the United States Constitution.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this District.  Moreover, Aspen consented to venue in this District for any proceeding seeking to enforce a provision of the Locums Agreement between RCCL and Aspen, as well as any proceeding based on any right arising out of said Locums Agreement.

## GENERAL ALLEGATIONS

13.     RCCL is a global cruise company.

14.     All RCCL ships have shipboard medical facilities that are built, staffed, stocked and equipped to meet or exceed guidelines established by the American College of Emergency Physicians Cruise Ship and Maritime Medicine Section.

15.     Depending on the size of the ship and number of passengers, each RCCL ship has one to three doctors, and three to five nurses, available to passengers and crew members 24 hours a day and seven days a week.

16.     Aspen is in the business of delivering public health services, including but not limited to the provision of prospective healthcare candidates on a permanent, or fixed term contract basis.

*The Parties Enter into An Agreement for Locums Tenens Coverage*

17.     On or about August 16, 2021, RCCL and Aspen entered into a written Locums Agreement for Aspen's provision of Locums to RCCL, on an as needed basis.

18.     Pursuant to the Locums Agreement, upon RCCL's execution of a work order, Aspen was to pre-screen and interview Locums to determine whether the Locums met RCCL's qualifications, and if so, to ultimately submit the Locums for RCCL's review.  *See* Locums Agreement at §§1(e) and 2(b).

***Section 4(a) and 4(b) of the Locums Agreement***

19.     Section 4 of the Locums Agreement contains an employment provision and non-solicitation provision, both of which imposed the following limitations and penalties (i.e., the payment of a conversion fee) on RCCL upon the occurrence of certain events:

> A.     <u>Employment of Locums by Client</u>. If the Client makes an offer of permanent employment or other Engagement to a Locum within 6 months of the date of the initial Introduction by Agency or within a period of 6 months from the date of completion of the Locum's last Locum Assignment with the Client pursuant to this Agreement, which the Locum accepts, the Client must pay Agency the Conversion Fee set out in <u>Schedule 1</u>. Agency will bill Client the Conversion Fee within 10 business days after the employment start date.

> B.     <u>Non-Solicitation of Locums by Client. During the term of this Agreement</u> and for a period of 3 months following the termination or expiration of this Agreement, Client will not directly or indirectly, induce or endeavour to induce any Locum to leave employment with Agency for employment with Client or another service provider except as provided in Section 4(a). If Client breaches this Section, Client must pay Agency the two times the Conversion Fee set out in **Section 1.** Notwithstanding the foregoing, Client shall not be restricted from hiring any Locum who responds to a general public advertisement placed by Client.

*See* Locums Agreement at §4(a)-(b).

20.     Pursuant to Sections 4(a) and 4(b), RCCL would be responsible for paying Aspen a conversion penalty that, as laid out in Schedule 1 of the Locums Agreement, was calculated as follows:

**CONVERSION FEE:**

| Number of Hours Worked by the Locum | Conversion Fee |
|---|---|
| 0 to 900 hours | 15% of the annual salary |
| More than 900 hours | 10% of the annual salary |

The annual salary is calculated by multiplying the crew member's monthly salary by the number of months the crew member is expected to work over the course of one (1) year according to the position requirements.

*See* Locums Agreement at Schedule 1.

***Aspen's Demand Relating to The Conversion and Solicitation Penalties***

21.     On or about August 3, 2022, Aspen sent a demand letter to RCCL alleging RCCL had violated Sections 4(a) and 4(b) of the Locums Agreement, demanding RCCL pay Aspen $769,810.80 (the "Demand Letter") in light of RCCL's purported employment and solicitation of certain Locums.

22.     Specifically, Aspen's Demand Letter argued RCCL employed and solicited ten Locums, resulting in a breach of the Locums Agreement, and triggering Aspen's right to the conversion penalty under the Locums Agreement.  *See* Demand Letter at p. 2.

23.     According to the Demand Letter:

Despite the clear prohibition and agreement not to hire or engage in solicitation of Aspen's locums, [RCCL] began a practice and pattern of soliciting and hiring Aspen's locums. Specifically, the following locums have either been hired in violation of Section 4(a) or solicited in violation of Section 4(b): Keli Culver, Kristin Hutchinson, Kevin Flannagan, Franklin Hampton, Monique Ashburne, David Plowman, Gail McCulloch, Christopher Williams, Kelly Silverthorne, and Susan Flores.

*See* Demand Letter at p. 2.

24.     Aspen's Demand Letter omits foundational requirements and exceptions under Sections 4(a) and 4(b), which, if addressed, cut against the very core of Aspen's argument.

25.     In particular, Aspen's Demand Letter does not mention that none of the Locums *accepted* any purported offer from RCCL – a requirement to trigger Section 4(a)'s conversion penalty.  *See* Locums Agreement at §4(a).

26.     Additionally, Aspen's Demand Letter does not mention a key exception to Section 4(b) that allows RCCL to engage in practices that amount to "*general public advertisement[s]*." *See* Locums Agreement at §4(b) (emphasis added).

27.     Aspen's Demand Letter also omits that the various purported solicitation communications sent by RCCL were all in the form of automated, generic, mass emails sent in identical content and form to all email addresses in RCCL's database.

28.     Such a general public advertisement, even if received by a Locum would not have triggered Section 4(b) of the Locums Agreement.

29.     As such, Aspen's avaricious demand for conversion and solicitation penalties is unwarranted and improper.

30.     Aspen's demand is also improper because it constitutes a liquidated damages penalty given that RCCL never hired any of the Locums and Aspen never suffered any damages, let alone up to $769,810.80 in damages.

31.     Consequently, there exists a *bona fide* dispute between the parties and a need for a declaration as to the applicability and legality of Sections 4(a) and 4(b) of the Locums Agreement, as to which the parties have actual, present, adverse, and antagonistic interests.

32.     The facts relevant to this dispute are well-known and readily ascertainable.

33.     RCCL has retained the law firm of Sanchez Fischer Levine, LLP to represent RCCL in this action and has agreed to pay reasonable attorney's fees, plus all expenses incurred, for its services.

34.     All conditions precedent to the filing of this action have been met or waived.

## CLAIM FOR RELIEF

### COUNT I
### ACTION FOR DECLARATORY JUDGMENT
### (Pursuant to 28 U.S.C. § 2201)

35.     RCCL re-alleges and incorporates the allegations of paragraphs 1-34 as if fully set forth herein.

36.     This is an action for declaratory relief.

37.     An actual controversy has arisen and now exists between RCCL and Aspen regarding the parties' rights and obligations pursuant to the Locums Agreement, specifically, Sections 4(a) and 4(b) thereof.  *See* Locums Agreement.

38.     There has arisen a justiciable question as to the existence or non-existence of the parties' rights under the Locums Agreement, specifically the parties' rights under Sections 4(a) and 4(b) of the Locums Agreement and RCCL is in doubt as to its rights under Sections 4(a) and 4(b) of the Locums Agreement.

39.     In particular, Aspen claims entitlement to up to $769,810.80 based on RCCL's breaches of Sections 4(a) and 4(b) of the Locums Agreement.

40.     RCCL on the other hand denies that any amount is owed to Aspen because, among other things: (a) RCCL did not offer employment to any Locums, (b) RCCL did not solicit any Locums, (c) RCCL's actions fell within the general public advertisement exception to the solicitation prohibition in Section 4(b), and (d) all of the Locums that were purportedly offered employment did not in fact accept any offer for employment from RCCL.

41.     Moreover, even if RCCL did trigger the conversion penalty - which it did not - RCCL need not pay Aspen $769,810.80 in conversion or solicitation penalties because Aspen suffered no damages, or at worst, Aspen's damages are easily quantifiable.

42.     Accordingly, (a) there is a bona fide, actual, present, and practical need for a declaration that RCCL did not trigger either penalty under Sections 4(a) and 4(b) of the Locums Agreement, and further that (b) the conversion or solicitation penalties in Sections 4(a) and 4(b) constitutes an unenforceable liquidated damages penalty that violates Florida law.

**WHEREFORE**, RCCL respectfully requests that this Court enter a declaratory judgment finding that (1) RCCL owes no conversion or solicitation penalty to Aspen because RCCL's conduct did not trigger either Sections 4(a) or 4(b) of the Locums Agreement, and (2) even if RCCL's conduct did trigger the penalties in Sections 4(a) and 4(b), such conversion and solicitation penalties are unenforceable because they constitute a liquidated damages penalty that violates Florida law.

Dated: September 6, 2022

**SANCHEZ FISCHER LEVINE, LLP**
1200 Brickell Avenue, Ste. 750
Miami, Florida 33131
Telephone: (305) 925-9947

By: */s/ David M. Levine*
David M. Levine, Esq.
Florida Bar No.: 84431
Email: dlevine@sfl-law.com
Secondary: eservice@sfl-law.com
Alexander Fischer, Esq.
Florida Bar No.: 68759
Email: afischer@sfl-law.com

*Counsel for Royal Caribbean Cruises Ltd.*